## GALLAGHER v. WORTH BROS. CO.

(Circuit Court, E. D. Pennsylvania. July 9, 1910.)

### No. 890.

MASTER AND SERVANT (§ 233*)—INJURY TO EMPLOYÉ—CONTRIBUTORY NEGLIGENCE.

An employer is not liable for injury to a machinist, caused by running an overhead crane over his hand while he was descending from the runway, where he placed his hand on the track of the crane and failed to notice the moving of the crane, and where the operator was under the direction of the injured man and another employé, at whose instance the crane was moved.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 703, 729; Dec. Dig. § 233.*]

At Law. Action by Thomas Gallagher against the Worth Bros. Company. Plaintiff moves to take off nonsuit. Motion overruled.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Goodman & Goodman and C. S. Eastwick, for plaintiff.
H. A. Talbot, for defendant.

HOLLAND, District Judge. In this case the plaintiff and a Mr. Bonner, another machinist, were erecting an I-beam at defendant's mill at Coatesville, and were using an overhead crane on an overhead track for that purpose. The operator of the crane was under the direction of both these men. There were no other employés at work at this time with these three men engaged in this repair work. Both the plaintiff and Bonner gave orders to the craneman when and when not to move the crane. After the I-beam had been raised to an erect position, the plaintiff told Bonner he was going down to the ground floor of the mill, and crossed over to the runway of the crane for that purpose. He did not tell the craneman or Bonner not to move the crane, but in his effort to descend from the runway placed his hand on the track of the crane. In the meantime Bonner had completed his work and ordered the craneman to lower him down to the ground floor, and the latter in order to carry out Bonner's orders, moved the crane, and in doing so ran over the plaintiff's hand.

The plaintiff claimed that the defendant was responsible, because there was no man stationed there to give warning of the moving of the crane; but the court, in entering the nonsuit, took the view that there was no negligence established on the part of the defendant. This was not a case where workmen were engaged near a crane, who, under the circumstances, having their minds upon their work, would not be able to watch the moving of the crane, in which case they should be notified; but it was a case where the plaintiff himself negligently placed his hand upon the track, and then failed to notice the moving of the crane. Even if there had been a man stationed to notify these workmen of the moving of the crane, it is hardly possible to suppose that he would have known that the plaintiff was about to place his hand on the rail.

The court is of the opinion that the nonsuit was properly entered, and the motion to take it off is overruled.